IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.                                            Criminal No. **3:15CR06**

**LONNIE HAWLEY, III,**

Petitioner.

## MEMORANDUM OPINION

Petitioner, a federal inmate proceeding with counsel, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Petitioner asserted that, in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015),[1] his enhanced sentence under the United States Sentencing Guidelines ("USSG") as a career offender and for firearms offenses[2] is unconstitutional. "Recently, the Supreme Court concluded that the

---

[1] As the Supreme Court has noted,

> [u]nder the Armed Career Criminal Act ["ACCA"] of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," a term defined to include any felony that "*involves conduct that presents a serious potential risk of physical injury to another.*"

*Johnson*, 135 S. Ct. at 2555 (emphasis added) (quoting 18 U.S.C. § 924(e)(2)(B)). This part of the definition of violent felony "ha[s] come to be known as the Act's residual clause." *Id.* at 2556. The *Johnson* Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Id.* at 2563.

[2] Under USSG § 4B1.1, a defendant is subject to an enhanced sentence if he has two or more prior felony offenses for either a controlled substance offense or a crime of violence. Under the version of § 4B1.2(a) used at Petitioner's May 2015 sentencing, a "crime of violence" was defined as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Guidelines are not subject to a vagueness challenge under the Due Process Clause. . . . [and that] *Johnson*'s vagueness holding does not apply to the residual clause in [USSG] § 4B1.2(a)(2)." *United States v. Lee*, 855 F.3d 244, 246–47 (4th Cir. 2017) (citation omitted). Thus, Petitioner's claim lacks merit.[3] Accordingly, the Government's Motion to Dismiss (ECF No. 42) will be GRANTED. The § 2255 Motion (ECF No. 36) will be DENIED. The action will be DISMISSED. A certificate of appealabilty will be DENIED.[4]

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: JUN 22 2017
Richmond, Virginia

---

*United States Sentencing Guidelines Manual* § 4B1.2(a) (U.S. Sentencing Comm'n 2014). Similarly, under Chapter 2 of the USSG, defendants are assigned a base offense level for the sentencing guidelines based upon offense conduct. Petitioner received an enhanced base offense level of 24 under USSG § 2K2.1(a)(2) because he "committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." USSG § 2K2.1(a)(2) (2014). For the purposes of this section, crime of violence "has the meaning given that term in § 4B1.2(a)." USSG § 2K2.1 cmt. n.1 (emphasis omitted). Thus, USSG § 2K2.1(a)(2) utilized the same definition for "crime of violence" as contained in the career offender guidelines and both mirrored ACCA's residual clause.

[3] Petitioner also argues that his 2009 conviction for first degree assault fails to qualify as a crime of violence under the "force clause" or "enumerated offenses" clause of USSG § 4B1.1(2) or under USSG § 2K2.1(a)(2). However, these challenges to his career offender enhancement or base offense level under the guidelines are not cognizable under 28 U.S.C. § 2255. *See Lee*, 855 F.3d at 246–47; *United States v. Foote*, 784 F.3d 931, 939–43 (4th Cir. 2015) (holding that career offender designation is not a fundamental defect that results in a complete miscarriage of justice to warrant review of a sentence), *cert. denied*, 135 S. Ct. 2850 (2017); *United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999) (explaining that "barring extraordinary circumstances" error in the calculation of sentencing guidelines not cognizable in a § 2255 motion).

[4] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Petitioner has not satisfied this standard.

2